MALIN, APPELLEE, v. COHN, APPELLANT.

(No. 3492—Decided April 3, 1952.)

*Mr. V. A. Buonpane* and *Messrs. Modarelli & Modarelli,* for appellee.
*Messrs. Traxler & Beil,* for appellant.

*Per Curiam.* Plaintiff sued defendant in the Court of Common Pleas, and by petition amended by interlineation alleged:

"Plaintiff says that she is a resident of Youngstown, Mahoning county, Ohio, and that the defendant owns and operates a store known as the 'East End Super Market.'

"Plaintiff, for her first cause of action, says that she was an employee of the defendant, working in the aforementioned store, during a period from October 1, 1943, to March 25, 1945, inclusive; that the prevailing wage for the services of the type and nature performed

by her viz. general clerk, sales clerk & ass. mgr. for the defendant was $.85 per hour. Plaintiff says that during the hereinbefore mentioned period, she worked 4104 hours and received as compensation for, said hours $2,160, and that the amount she should have received for said hours on the basis of an $.85 per hour wage was $3,488.40, leaving an unpaid balance of $1,-328.90 with interest at 6% from March 25, 1945 until paid.

"Second cause of action.

"Plaintiff, for her second cause of action, adopts all of the allegations and averments in the first cause of action as though herein rewritten.

"Plaintiff says that she worked for the defendant from September 1, 1945, to May 26, 1948, inclusive, and that the prevailing wage scale per hour for the type of work performed viz. general clerk, sales clerk & assistant mgr. by the plaintiff for the defendant was $.85.

"Plaintiff says that during the period hereinbefore mentioned she worked 7,052 hours and was entitled to the sum of $5,994.20, and received on account for the services performed the sum of $4,566.92, leaving an unpaid balance due plaintiff in the sum of $1,427.28 with interest at 6% from May 26, 1948, until paid.

"Wherefore, plaintiff prays judgment on her first cause of action in the sum of $1,328.40 with interest at 6% from March 25, 1945, until paid; and on her second cause of action, the sum of $1,427.28 with interest at 6% from May 26, 1948, until paid, and for such other and further relief as may be just and proper."

The first and third defenses of defendant's answer were stricken therefrom, and in the second and fourth defenses thereof he plead as follows:

"Second defense.

"Further answering, defendant admits that the

plaintiff was an employee of his store within a period from October 1, 1943, to March 25, 1945, but defendant denies each and every other allegation in said petition contained.''

''Fourth defense.

''For his second defense to the second cause of action herein, defendant says that plaintiff was in his employ during a period between September 1, 1945, and May 26, 1948, but defendant denies each and every other allegation in said second cause of action contained.''

The jury returned a verdict for $1,700 for plaintiff, upon which, after overruling defendant's motions for judgment to be entered in his favor notwithstanding the verdict and for a new trial, the trial judge entered judgment, from which defendant appealed to this court on questions of law.

By assignments of error defendant contends that the trial judge erred to his prejudice in overruling his motions for judgment to be entered in his favor at the close of all the evidence and notwithstanding the verdict and for a new trial; and urges that ''the verdict in favor of the plaintiff-appellee and against the defendant-appellant is not sustained by any evidence or evidence upon which reasonable minds might differ.''

Without detailing it, in our opinion, the evidence is such that ''reasonable minds might differ'' upon a conclusion to be reached therefrom, and accordingly presented questions for the determination of the jury, whose verdict, in our opinion, was against the manifest weight of the evidence.

The record discloses that, until the day plaintiff's employment ended, she never contemplated that she was entitled to anything but the weekly wage testified to by her, which she accepted as full compensation for her services.

The judgment of the Court of Common Pleas is reversed and the cause is remanded thereto for further proceedings to be had in accordance with law.

*Judgment reversed.*

NICHOLS, P. J., GRIFFITH and PHILLIPS, JJ., concur.